IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _ag_ D.C.

05 MAY 24 PM 3: 10

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| LARRY STEVE MELTON, LARRY S. MELTON, R & J of TENNESSEE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF LEXINGTON branch of the BANK OF FRIENDSHIP, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Civ. No. 02-1152-B/P ) ) ) ) ) ) |

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF LARRY S. MELTON'S
MOTION FOR PROTECTIVE ORDER

Before the court is plaintiff Larry S. Melton's Motion for Protective Order, filed April 28, 2005 (dkt #590). Responses were filed on May 5, 2005 by defendant Daniel J. Perky; May 9, 2005 by defendant City of Lexington; May 10, 2005 by defendants Benny Fesmire and B&H Investments, Inc.; May 16, 2005 by defendant Bank of Friendship; and May 18, 2005 by defendants Frankie Stanfill, Kevin Carter and the law firm of Milam, Carter, and Stanfill. The motion was referred to the Magistrate Judge for determination.

In the motion, Melton contends that he has already been deposed at length on six prior occasions, and that the defendants intend to further depose him "for at least seven additional days." Plaintiff asks that the court enter a protective order to allow the

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 5-25-05

583

defendants to depose him for only one more day, and that "[i]f further examination of the Plaintiff Larry S. Melton is warranted after the examination of all the defendants, it is within the discretion of the Court to permit it then." (Plaintiff's Memo. in Support at 6).

In their responses, the defendants argue that (1) plaintiff has failed to consult with opposing counsel prior to filing his motion, as required by this court's local rules and Fed. R. Civ. P. 26(c); (2) the seven days in June referenced in plaintiff's motion also includes dates that the other parties will be deposed; and (3) the plaintiff's deposition has required extra time due to the extensive allegations in this lawsuit.

Federal Rule of Civil Procedure 30(d)(2) provides that a deposition is limited to one day of seven hours, unless otherwise authorized by the court or stipulated by the parties. However, "the court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2). Rule 26(c) allows a court, for good cause shown, to impose limits on discovery to protect a party from annoyance, embarrassment, oppression, or undue burden and expense.

This same rule, however, also requires the moving party to consult in good faith with opposing counsel in an effort to resolve the dispute without court action. See Fed. R. Civ. P. 26(c).

Consultation is also required by the local rules. <u>See</u> LR 7.2(a)(1)(B). Consultation is particularly important with this motion, since it appears that plaintiff may have mistakenly believed that the defendants want to depose him for seven more days. Therefore, the motion is DENIED without prejudice.

The court notes, however, that pursuant to Rule 30(d)(2), the defendants may not depose Melton for more than seven hours unless authorized by the court or stipulated by the parties. Although the court agrees that this case involves numerous parties and allegations, and it appears that at least two attorneys have not yet had an opportunity to depose the plaintiff, the defendants have not demonstrated in their responses why a fair examination of the plaintiff could not be completed with one more full day of deposition. To the extent the defendants wish to depose the plaintiff in excess of seven hours, they must file a motion and obtain court authorization, or may do so through stipulation. Without such court authorization or stipulation, the defendants may only depose the plaintiff for an additional seven hours.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

5/24/05
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 583 in case 1:02-CV-01152 was distributed by fax, mail, or direct printing on May 25, 2005 to the parties listed.

---

John T. Downing
Federal Deposit Ins. Corp.
550 17th Street NW
Washington, DC 20429

Daniel D. Warlick
LAW OFFICE OF DAN WARLICK
611 Commerce Street
Ste. 2712
Nashville, TN 37203

William S Walton
MILLER & MARTIN
1200 One Nashville Place
150 Fourth Ave. North
Nashville, TN 37219--243

John D. Stevens
RAINEY KIZER REVIERE & BELL
209 East Main Street
P. O. Box 1147
Jackson, TN 38302--114

Jerry E. Mitchell
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Bradley G. Kirk
CARTER STANFILL & KIRK
25 Natchez Trace Dr.
Lexington, TN 38351

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Craig C. Conley
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 South Main Street
Ste. 2900
Memphis, TN 38103

L. Lee Harrell
HARRELL & HARRELL
110 Northwest Court Sq.
Trenton, TN 38382

R. Douglas Hanson
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Jeffrey L. Griffin
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Larry S. Melton
116 Hidden Valley Cove
Lexington, TN 38351

William F. Burns
WATSON BURNS, LLC
One Commerce Square
Ste. 2600
Memphis, TN 38103

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Jeffrey L. Griffin
HARRIS SHELTON DUNLAP COBB & RYDER
2700 One Commerce Square
Memphis, TN 38103

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Beth Maloan
83 Bonaire Circle
Jackson, TN 38305

Honorable J. Breen
US DISTRICT COURT