IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LARRY STEVE MELTON, LARRY S. MELTON, and R & J OF TENNESSEE, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. <u>02-1152 B/P</u><br>)<br>) |
| BANK OF LEXINGTON branch of the BANK OF FRIENDSHIP, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is plaintiff Larry S. Melton's *pro se* Motion to Dismiss the Counterclaim of Harold Walden Blankenship, filed March 13, 2006 (D.E. 707) and Larry S. Melton's *pro se* Motion for Default Judgment of Harold Walden Blankenship, filed April 19, 2006 (D.E. 754). Also related to these motions is counter-defendants/third-party defendants Larry Steve Melton, R & J of Tennessee, Inc., John Melton, American Home Financial Services, Inc., American Home Financial Services II, Inc., and Blankenship/Melton Aviation, Inc.'s (collectively the "R & J Defendants") Motion for Summary Judgment, filed October 2, 2006 (D.E. 876). For the reasons below, the court recommends that Larry S. Melton's Motion to Dismiss be granted, and that all claims

brought by Blankenship be dismissed with prejudice as to all parties.  The court further recommends that Melton's Motion for Default Judgment be denied without prejudice.  Finally, the court recommends that the R & J Defendants' Motion for Summary Judgment be granted.

On June 21, 2002, plaintiffs Larry S. Melton, Larry Steve Melton, and R & J of Tennessee, Inc., filed a complaint against various defendants, including Harold Walden Blankenship, alleging unfair and deceptive lending practices in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), and the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and setting forth state law claims for civil conspiracy, violation of the Tennessee Consumer Protection Act, fraud, misrepresentation, fraudulent concealment, conversion, breach of contract, breach of fiduciary duty, violation of the Tennessee Code of Professional Responsibility, and attorney malpractice.  On August 5, 2004, defendant Harold Blankenship, through attorney Bradley Kirk, filed an amended answer and numerous counterclaims against the plaintiffs and what appeared to be cross-claims against defendant Bank of Lexington and new claims against third-party defendants John Melton, American Home Financial Services, Inc., American Home Financial Services II, Inc., Blankenship/Melton Aviation, Inc., and Howard Douglass. Blankenship's claims allege causes of action for RICO violations,

civil conspiracy, fraudulent concealment, negligent misrepresentation, conversion, breach of contract, breach of fiduciary duty, and intentional interference with contract.

On March 13, 2006, Larry S. Melton filed a motion styled Motion to Dismiss the Counterclaim of Defendant/Third Party Plaintiff Harold Walden Blankenship.  In his motion, Melton asserts, among other things, that Harold Blankenship has failed to provide any initial disclosures as required under Fed. R. Civ. P. 26(a)(1), failed to comply with this court's February 3, 2006 order compelling him to respond to Melton's outstanding document requests, and that Blankenship's counsel failed to appear for numerous scheduled depositions of key witnesses, all of which caused substantial delay and prejudice.  Melton asks the court to sanction Harold Blankenship for these discovery violations by dismissing all of his claims.  On May 23, 2006, because Harold Blankenship did not file a response to the motion, the court entered an order directing Blankenship to show cause within eleven days why Melton's Motion to Dismiss should not be granted.  The show cause order warned Blankenship that failure to respond may result in a recommendation to the District Judge that the claims be dismissed for failure to prosecute.[1]  On July 25, 2006, Melton

---

[1] On May 30, 2006, Blankenship filed a response to the show cause order stating that he recently filed bankruptcy in the Bankruptcy Court for the Western District of Tennessee.  This court entered a stay pursuant to 11 U.S.C. § 362 on July 14, 2006, which was lifted by the court on August 10, 2006, when the Bankruptcy Court

filed a supplement to his Motion to Dismiss, stating that he has since discussed the motion to dismiss with Harold Blankenship, and that "Mr. Blankenship was consulted and agrees this motion to dismiss should be granted and he has no plans to respond to the Plaintiff's original motion. . . . Mr. Blankenship further stated he has requested his attorneys dismiss his entire third party counter-complaint to prevent further damages to the third party defendants . . . ." Also attached to Melton's supplement is a photocopy of an affidavit dated July 23, 2006 from Harold Blankenship asserting, among other things, unethical conduct by Blankenship's own counsel in connection with the filing of his claims in this lawsuit as well as the filing of his bankruptcy.

On April 19, 2006, Larry S. Melton filed a motion styled Motion to Prohibit the Participation of the Members of the Law Firm of Carter, Stanfill & Kirk, PLLC and Attorney Bradley Kirk, and Default Judgment of Harold Walden Blankenship. Melton asks the court to enter default judgment against Harold Blankenship based on his failure to comply with the court's orders and to participate in discovery.[2]

On October 2, 2006, the R & J Defendants filed a Motion for Summary Judgment against all claims brought against them by Harold

---

dismissed Blankenship's bankruptcy case. To date, Blankenship has not filed a response to the motion to dismiss.

[2]Melton also filed a supplement to this motion on July 25, 2006, attaching Harold Blankenship's July 23 affidavit.

Blankenship.  Counsel for the R & J Defendants, Daniel D. Warlick, certifies in his motion that he discussed the motion with Harold Blankenship, and that Blankenship does not oppose the motion being granted.  Like Melton, the R & J Defendants attached to the motion a photocopy of Blankenship's July 23 affidavit.

On August 15, 2006, attorney Bradley Kirk filed a motion for permission to withdraw as counsel of record.  Kirk, who represents Harold Blankenship, among others, states that a conflict of interest has arisen between him and his clients, and that he is unable to continue representing these parties in this litigation. On September 1, 2006, the court granted Kirk's motion to withdraw. On October 13, 2006, the court entered an order directing Harold Blankenship to notify the court by no later than November 15, 2006, whether he intends to pursue his claims against Larry S. Melton, the R & J Defendants, and the Bank of Lexington Branch of the Bank of Friendship.  The court warned Blankenship that failure to comply with the order "shall result in a recommendation to the District Judge that all of his claims be dismissed with prejudice."  To date, Harold Blankenship has not complied with the court's October 13 order.

For the reasons stated in Larry S. Melton's Motion to Dismiss and the R & J Defendants' Motion for Summary Judgment, and based on Harold Blankenship's express consent to these motions being granted as well as his failure to comply with the court's October 13 order,

-5-

the court recommends that Melton's Motion to Dismiss and the R & J Defendants' Motion for Summary Judgment be granted.  The court further recommends that all claims brought by Blankenship be dismissed with prejudice as to all parties.

With respect to Larry S. Melton's Motion for Default Judgment against Harold Blankenship, Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments.  Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the court itself.  Entry of a technical default under Section (a) is different from, and must precede, entry of a default judgment under Section (b).  See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir.); Atlanta Gas Light Co. v. Semaphore Adver., Inc., 747 F.Supp. 715, 718 (S.D. Ga. 1990).  Entry of a technical default by the Clerk is the "first procedural step on the road to obtaining a default judgment," and must be obtained before a default judgment may be granted.  Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); see also United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); United States v. 8771 Lake Road, 818 F.Supp 199, 201 (W.D. Mich. 1992)(default encompasses two steps: first, entry of default and then a subsequent default judgment); Piercey v. Miami Valley Ready-Mixed Pension Plan, 110 F.R.D. 294, 296-97 (S.D. Ohio 1986).

In order to obtain the entry of default under Rule 55(a), an application for entry of default should be filed with the Clerk,

along with an affidavit or other competent proof of the defendant's failure to plead or otherwise defend the action.  The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendant is in default.  Then the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default.  Since Melton has not obtained the entry of default by the Clerk, the motion for default judgment is premature. Therefore, the court recommends that Melton's motion be denied without prejudice to refiling after entry of default is sought and obtained.

Respectfully Submitted.

s/ Tu M. Pham

TU M. PHAM

United States Magistrate Judge

February 15, 2007

Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**