IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LARRY STEVE MELTON,
LARRY S. MELTON and
R & J OF TENNESSEE, INC.,

  Plaintiffs,

v.              No. 02-1152 B

BANK OF LEXINGTON, a branch of the
BANK OF FRIENDSHIP, et al.,

  Defendants.

_____

ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION
AND DENYING THIRD-PARTY DEFENDANTS' MOTION TO SET ASIDE
ENTRY OF DEFAULT
_____

  This cause is before the Court in connection with the report and recommendation of the magistrate judge regarding the motion of the third-party defendants, Shirley Blankenship; Kelly W. Blankenship; Blankenship Construction, LLC; Blankenship/Melton Real Estate, Inc.; Blankenship Brothers Construction Company; Dean Blankenship; and Harold Walden Blankenship (collectively, the "Defendants"), to set aside entry of default filed September 26, 2005. In a report and recommendation entered February 28, 2006, the magistrate judge recommended that the motion be granted. On March 9, 2006, the Plaintiff, Larry S. Melton, who is proceeding in this matter *pro se*, filed a motion for reconsideration of the report and recommendation, which the Court has construed as objections pursuant to 28 U.S.C. § 636(b)(1)(C). No objections were filed by the Defendants, nor did they respond to those propounded by the Plaintiff.

  In ruling on objections to a report and recommendation, the Court is required to make a *de*

novo review upon the record of those portions of the magistrate judge's report and recommendation to which objections have been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fenner v. Berghuis, No. 1:03-CV162, 2006 WL 374171, at *1 (W.D. Mich. Feb. 17, 2006), mot. to certify app. denied, 2006 WL 753119 (W.D. Mich. Feb. 17, 2006).  Under such a review, the district judge may accept, reject, or modify any of the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74, 680, 100 S. Ct. 2406, 2411-12, 2415, 65 L. Ed. 2d 424 (1980); Victoria's Secret Stores v. Artco Eq. Co., Inc., 194 F. Supp. 2d 704, 715 (S.D. Ohio 2002).

Entry of default is governed by Rule 55 of the Federal Rules of Civil Procedure.  The Rule provides that the clerk shall enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  However, the court may set aside the default upon a showing of "good cause." Fed. R. Civ. P. 55(c).  The magistrate judge made the following findings of fact:

> On June 21, 2002, Melton filed a complaint against various defendants, including movants Harold Blankenship and Dean Blankenship, alleging unfair and deceptive lending practices in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and setting forth state law claims for civil conspiracy, violation of the Tennessee Consumer Protection Act, fraud, misrepresentation, conversion, breach of contract, breach of fiduciary duty, violation of the Tennessee Code of Professional Responsibility, and attorney malpractice.  Harold Blankenship filed a counterclaim against Melton on August 6, 2004.

> On October 12, 2004, Melton answered Blankenship's counterclaim and filed various claims against Defendants.  On November 10, the court granted Defendants an additional forty-five days to respond to Melton's counterclaims.  Defendants, however, failed to file an answer by the extended deadline.  On January 7, 2005, the clerk of court docketed an entry of default against defendants Bradley Kirk, Shirley Blankenship, Kelly W. Blankenship, Blankenship Construction, LLC, Blankenship Brothers' Construction Company, and Blankenship/Melton Real Estate, Inc. based on their failure to respond to Melton's counterclaim.

> Defendants filed the present motion on September 26, asking the court to set aside the clerk's entry of default against them. Defendants argue that entry of default was inappropriate because Defendants had made an appearance in this case prior to the entry of default and because Melton failed to provide Defendants with notice of his intention to seek default, as required by Fed. R. Civ. P. 55(b)(2). Melton argues that Defendants' motion should be denied because Defendants have failed to establish the requisite "good cause" sufficient to justify setting aside an entry of default under Rule 55(c).

(Report and Recommendation at 2-3 (footnotes omitted)). The focus of Melton's objection to the Report and Recommendation centers on the magistrate judge's finding of good cause.

In order for good cause to be established, the Court is to weigh each of three factors: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 255, 166 L. Ed. 2d 199 (2006) (citing United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983)); see also Bowens v. Aftermath Entertainment, 254 F. Supp. 2d 629, 644 (E.D. Mich. 2003) (all three factors must be weighed by the court). Courts are permitted "considerable latitude" in making determinations under Rule 55(c). Lawrence v. Chabot, 182 F.App'x 442, 456 (6th Cir. 2006).

In their motion to set aside default, the Defendants argued the so-called United Coin Meter test was not applicable on the grounds that Melton's counterclaims were brought in violation of Fed. R. Civ. P. 14, an assertion rejected by the magistrate judge. In maintaining the test had no application, the Defendants put forth no argument whatever as to why the clerk's entry of default should be set aside under the United Coin Meter analysis.

Based on the information before him, it was the opinion of the magistrate judge with respect to the first United Coin Meter factor that, as they had "offered no explanation or justification for

3

their failure to file a timely response to Melton's counterclaims," the Defendants acted culpably. (See Report & Recommendation at 11)  The magistrate judge further concluded that, since the Defendants offered no defenses to Melton's counterclaim in their request for relief, there was "no basis upon which to conclude that Defendants possess a meritorious defense that compels setting aside the clerk's entry of default."  (Report & Recommendation at 11)  As to the third factor, the magistrate judge concluded Melton had not demonstrated that he would be prejudiced if the court vacated the clerk's entry of default, noting, however, that the Defendants' failure to address the United Coin Meter considerations made it difficult for the court to properly assess the prejudice factor.  Recognizing the Court's latitude in making determinations under the good cause shown standard and the strong preference for trials on the merits, it was recommended that the motion be granted.  It is the magistrate judge's determination as to the final United Coin Meter factor and his conclusion based on consideration of all of the factors with which the Plaintiff takes umbrage in his objections.

In order to facilitate a proper determination of the issues before it, this Court directed the Defendants on June 19, 2006 to submit briefs addressing the United Coin Meter factors.  However, it does not appear from a review of the docket that briefs were ever filed.  Therefore, the Court is left to base its review on the pleadings before it.

In support of his assertion of prejudice, Melton avers that "the Defendants['] actions have created difficulties of discovery as the discovery schedule has ended before the Magistrate's recommendations were issued" and "the parties have taken sixteen days of discovery depositions of eight of the parties and no discovery was sought in regards to these proponents as all the allegations made against them by the Plaintiff were admitted and the Plaintiff would be prejudiced if not

4

allowed to recall these parties to seek discovery through depositions." (Mem. in Supp. of Pl. Larry S. Melton's Mot. for Recons. of the Report & Recommendation of the Magistrate Judge at 3-4). In order to be prejudicial, the setting aside of a default must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996); see also S. Elec. Health Fund v. Bedrock Servs., 146 F.App'x 772, 778 (6th Cir. 2005). Delay by itself is not sufficient. Thompson, 95 F.3d at 433-34.

At best, only the prejudice factor favors setting aside the default, as any "increased difficulties of discovery" have been mitigated in this case at least to some extent by the Court's granting to Melton permission to proceed with discovery and the taking of depositions. For the reasons articulated by the magistrate judge, the remaining factors militate against it. While it recognizes the preference for trials on the merits, the Court, unlike the magistrate judge, is not of the opinion that preference should outweigh findings that the Defendants acted culpably and failed to show a meritorious defense. See Robinson v. Broyhill, No. 3:04-CV-066, 2006 WL 1050667, at *2 (E.D. Tenn. Apr. 19, 2006) ("There is a 'strong policy in favor of deciding cases on their merits. Clearly, however, the court may refuse to set aside a default where the defaulting party has no meritorious defense or where the defendant offers no excuse at all for the default.'").

Thus, based on the foregoing, the motion of the Defendants to set aside the entry of default is DENIED. Melton may seek default judgment as to these Defendants pursuant to Fed. R. Civ. P. 55(b). Further, as the entry of default has been permitted to stand against the Defendants, Melton's

April 9, 2007 motion for entry of default against Harold Walden Blankenship is DENIED as moot.[1]

    IT IS SO ORDERED this 16th day of April, 2007.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[1] The April 9, 2007 motion was filed as a result of a report and recommendation entered February 15, 2007, in which the magistrate judge recommended that a motion for default judgment filed by Melton as to Harold Walden Blankenship be denied without prejudice on the grounds that he had failed to first move for entry of default against Blankenship as is required by Fed. R. Civ. P. 55(a). At this point, Melton may move for default judgment against all of the third-party Defendants referred to in this order, including Harold Walden Blankenship.