IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| LARRY STEVE MELTON, LARRY S. MELTON, AND R & J OF TENNESSEE, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 02-1152 B/P |
| BANK OF LEXINGTON, a branch of the BANK OF FRIENDSHIP, et al., | ) ) ) ) |
| Defendants. | ) |

_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS
FOR SUBSTITUTION OF PARTIES**
_____

Before the court by order of reference is plaintiffs' Motions for Substitution of Parties (D.E. 1024 and 1043).[1] In these motions, the plaintiffs state that defendant Bank of Lexington Branch of the Bank of Friendship ("Bank of Friendship"), during the course of this litigation, merged with First State Bank, which later changed its name to Clayton Bank and Trust. According to the documents attached to plaintiffs' motions, including the "Plan of Merger-Bank," it appears that Clayton Bank and Trust agreed to assume all debts, liabilities and duties of the Bank of Friendship

---

[1] Plaintiffs Larry Steve Melton and R & J of Tennessee, Inc.'s motion was filed by attorney Kline Preston, who at the time had not filed his notice of appearance on behalf of these plaintiffs. Shortly after filing the motion, however, Preston filed his notice of appearance with the court, and therefore, the court will address the merits of the motion.

through the merger. As a result, plaintiffs move the court to either substitute Clayton Bank and Trust in this action in place of the Bank of Friendship, or in the alternative, join Clayton Bank and Trust as a defendant solely for purposes of successor liability. Defendants Bank of Friendship, David A. Riddick, and Holmes, Rich, Sigler & Riddick oppose the motion. Although they do not dispute plaintiffs' argument that Clayton Bank and Trust has assumed all of the debts and liabilities of the Bank of Friendship, they contend that joining Clayton Bank and Trust is unnecessary and would likely confuse the jury in an already factually complex case that has been pending for several years.

As one district court has recently explained,

> The substitution of a party due to a transfer in interest is governed by Federal Rule of Civil Procedure 25(c). Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor by merger or other acquisition of the interest the original corporate party had in the lawsuit." Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir. 1993) (citations omitted). Rule 25(c) does not require a party to take any action after an interest has been transferred. Id. A judgment obtained against the original defendant is binding on the successor even if the successor is not a named party. Id. Moreover, "when an interest has been transferred, the action may properly continue under the name of the transferor without any effect upon the outcome." PP Inc. v. McGuire, 509 F. Supp. 1079, 1083 (D.N.J. 1981) (internal citations omitted). Since joinder or substitution under Rule 25(c) is a procedural device that does not typically alter the substantive rights of a party, a Rule 25(c) decision is

generally left to the court's discretion.  <u>Luxliner</u>, 13 F.3d at 71-72.

<u>Mars, Inc. v. JCM American Corp.</u>, No. 05-3165, 2007 WL 776786, at *1 (D.N.J. March 9, 2007).  Based on the limited record before this court, it appears that Clayton Bank and Trust has assumed all of the debts and liabilities of the Bank of Friendship through the merger, which would include any judgment entered against the Bank of Friendship in this case.  <u>See</u> <u>Great American Ins. Co. v. Potter</u>, No. 4:04-cv-112, 2006 WL 2854386, at *3 (E.D. Tenn. Oct. 3, 2006) (under Tennessee law, when one company transfers some or all of its assets to another company, the successor is liable for the debts of the predecessor if the purchaser expressly or impliedly agrees to assume such debts).  The Bank of Friendship does not dispute this point, and although the plaintiffs mailed copies of their motions to Clayton Bank and Trust (and its registered agent), to date Clayton Bank and Trust has not filed any opposition to plaintiffs' motions.  However, rather than substituting the parties – which arguably may create more confusion in this litigation – and in "an effort to assure that the proper parties are named in this case," this court will exercise its discretion under Rule 25(c) and will join Clayton Bank and Trust as a party defendant with the Bank of Friendship.  <u>Id.</u> at *2; <u>see also</u> <u>Luxliner</u>, 13 F.3d at 72; <u>Minnesota Mining & Mfg. Co. v. Eco-Chem, Inc.</u>, 757 F.2d 1256, 1259, 1263 (Fed. Cir. 1985) (joining defendant because it owned the assets that could be used to satisfy a judgment, even though defendant did

-3-

not even exist when the alleged conduct took place); <u>ISI International v. Borden Ladner Gervais, LLP</u>, No. 98 C 7614, 2002 WL 230904, at *3 (N.D. Ill. Feb. 15, 2002) (stating that under Rule 25(c), the court has discretion to add successor as a defendant but retain original defendant as a party).

Therefore, the motions to substitute are DENIED, and the alternative motions to join Clayton Bank and Trust as a party defendant for purposes of successor liability are GRANTED. Plaintiffs shall file an amended complaint reflecting the addition of Clayton Bank and Trust as a named defendant within eleven (11) days from the date of this order, with service upon Clayton Bank and Trust.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 28, 2008
Date