IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

LARRY STEVE MELTON, LARRY S.      )
MELTON, AND R & J OF TENNESSEE,   )
INC.,                             )
                                  )
    Plaintiffs,                   )
                                  )
v.                                )   No. 02-1152 B/P
                                  )
BANK OF LEXINGTON, a branch of    )
the BANK OF FRIENDSHIP, et al.,   )
                                  )
    Defendants.                   )

_____

**ORDER GRANTING MOTION TO STAY ADDITIONAL DISCOVERY AND GRANTING PLAINTIFF LARRY S. MELTON'S MOTION FOR PERMISSION TO FILE AMENDED AND/OR SUPPLEMENTS TO RESPONSES TO SUMMARY JUDGMENT MOTIONS FILED BY DEFENDANTS**

_____

Before the court by order of reference is defendants' Joint Motion to Stay Additional Discovery (D.E. 1079) and plaintiff Larry S. Melton's Motion for Permission to File Amended and/or Supplements to Responses to Motions for Summary Judgment filed by the defendants (D.E. 1090). Rule 26(c) provides in pertinent part that

> upon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

Fed. R. Civ. P. 26(c).

Here, the court finds good cause to stay further discovery until the pending summary judgment motions are decided. The summary judgment motions, if granted, may potentially dispose of the entire case. See Nichols v. Baptist Memorial Hosp. Inc., No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004); see also Caretolive v. Von Eschenbach, No. 07-729, 2007 WL 3232454, at *1-2 (S.D. Ohio Nov. 1, 2007). A stay would also conserve the parties' and the court's resources. Although the plaintiffs generally assert that they need additional discovery to respond to these summary judgment motions, this court has previously ruled in this case that those non-specific assertions do not provide a sufficient basis to hold in abeyance the summary judgment motions. (See D.E. 1129).

With respect to plaintiffs' motion to supplement his prior responses to defendants' summary judgment motions with evidence obtained by him after he filed his original responses in opposition, the motion is GRANTED. Plaintiff Melton shall file his supplemental responses within fifteen (15) days from the date of this order. This ruling, however, does not disturb the court's prior order granting the Carter & Stanfill defendants' and Riddick defendants' Motions to Deem Statement of Undisputed Facts Admitted, entered on June 5, 2007 (D.E. 1005).

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM

United States Magistrate Judge

September 30, 2008

Date