```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     EASTERN DIVISION
```
_____

```
LARRY STEVE MELTON, LARRY S.    )
MELTON, and R & J OF            )
TENNESSEE, INC.,                )
                                )
     Plaintiffs,                )
                                )    No. 02-1152 B/P
v.                              )
                                )
BANK OF LEXINGTON branch of     )
the BANK OF FRIENDSHIP, et      )
al.,                            )
                                )
     Defendants.                )
                                )
```
_____

                    **REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is a motion filed by *pro se* plaintiff Larry S. Melton styled Application for Default Judgment, and/or in the Alternative, Motion for Default Judgment. (D.E. 1158.)  In the motion, Melton seeks an entry of default judgment pursuant to Fed. R. Civ. P. 55(b) in the total amount of $268,775.58, against defendants Shirley Blankenship, Kelly W. Blankenship, Blankenship Construction, LLC, Blankenship/Melton Real Estate, Inc., Blankenship Brothers Construction Company, Dean Blankenship, and Harold Walden Blankenship (collectively the "Blankenship Defendants").  In connection with this motion, on August 27, 2009, the court conducted a hearing on damages.  Present at the hearing were Melton, Harold Blankenship, Dean Blankenship,

Shirley Blankenship, and Kelly Blankenship. Based on the entire record, including the complaint, affidavits and exhibits attached to Melton's motion, the exhibits admitted at the August 27 hearing, and the testimony of the parties at the hearing, the court recommends that Melton's motion be granted.[1]

    1.   On June 21, 2002, Melton filed a complaint against various defendants, including Harold Blankenship and Dean Blankenship, alleging unfair and deceptive lending practices in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and setting forth state law claims for civil conspiracy, violation of the Tennessee Consumer Protection Act, fraud, misrepresentation, conversion, breach of contract, breach of fiduciary duty, violation of the Tennessee Code of Professional Responsibility, and attorney malpractice. Harold Blankenship filed a counterclaim against Melton on August 6, 2004.

    2.   On October 12, 2004, Melton answered Harold Blankenship's counterclaim and brought additional claims against, among other parties, the Blankenship Defendants.

    3.   On February 28, 2006, the undersigned Magistrate Judge submitted a report and recommendation in connection with the

---

[1] The proposed findings of fact and conclusions of law contained in this report and recommendation are made solely for the purposes of resolving the pending motion for default judgment and apply only to the Blankenship Defendants.

Blankenship Defendants' Motion to Set Aside Entry of Default. The proposed findings of fact contained in that report and recommendation are hereby adopted and incorporated by reference for purposes of the present report and recommendation.

4.  On April 16, 2007, the District Judge entered an Order on Objections to Report and Recommendation and Denying Third-Party Defendants' Motion to Set Aside Entry of Default. (D.E. 979.) In that ruling, the court ordered that Melton could proceed with seeking default judgment against all of the Blankenship Defendants.

5.  On December 12, 2008, Melton filed the present motion seeking entry of default judgment against the Blankenship Defendants in the total amount of $268,775.58.

6.  On December 17 and 18, 2008, Harold Blankenship, Dean Blankenship, and Shirley Blankenship each filed one-page letters in which they generally asked that the court deny Melton's motion.

7.  On August 27, 2009, the court held a hearing to determine damages, pursuant to Fed. R. Civ. P. 55(b). Present at the hearing were Melton, Harold Blankenship, Dean Blankenship, Kelly Blankenship, and Shirley Blankenship. The corporate Blankenship Defendants (Blankenship Construction, LLC, Blankenship/Melton Real Estate, Inc., and Blankenship Brothers Construction Company) did not appear through counsel as required.

8.  At the hearing, Melton submitted as additional evidence the transcripts from Harold Blankenship's deposition, as well as

original affidavits signed by Harold Blankenship on July 23, 2006 and December 6, 2007. Both of these affidavits had been previously submitted to the court in connection with other motions filed by Melton.

9. The court permitted the Blankenships to contest the evidence submitted by Melton, including his 20-page affidavit attached to his motion for default judgment (D.E. 1158-3) and the exhibits admitted at the hearing. However, these defendants did not offer any proof to contradict the evidence. Harold Blankenship testified generally that he believed Melton already received some portion of the profits that Melton claims he is entitled to, but Blankenship offered no proof of those payments. Dean Blankenship testified that he should not be held liable for any of the damages, but he also did not offer any proof to challenge Melton's evidence. Although provided with the opportunity to be heard, neither Kelly nor Shirley Blankenship offered any testimony or proof.

10. Based on the entire record in this case, the court respectfully recommends that default judgment be entered in favor of Melton and against the Blankenship Defendants. It is beyond dispute that the Blankenship Defendants have demonstrated a failure to defend the claims brought against them by Melton since at least October of 2006, when the court permitted their counsel (attorney Bradley Kirk) to withdraw from this case. (D.E. 892.) Among other things, the Blankenship Defendants did not appear at any of the

many court hearings held in this case after their attorney withdrew and did not respond to the numerous motions filed by the parties. In addition, the corporate Blankenship Defendants have failed to obtain counsel, which constitutes a failure to defend because corporations cannot proceed in federal court *pro se*. Masino v. Columbus Construction Corp., No. 08-CV-1592, 2009 WL 2566956, at *3 (E.D.N.Y. Aug. 19, 2009).

11. Through his submissions to the court, including his complaint (the allegations of which the court accepts as admitted as against the Blankenship Defendants), the affidavit attached to his motion for default judgment and accompanying exhibits, and the affidavits and deposition testimony of Harold Blankenship, Melton has sufficiently demonstrated that with respect to the Blankenship Defendants: (1) in or about December of 1997, he entered into a binding agreement with Harold Blankenship, Dean Blankenship, Don Blankenship, Kelly Blankenship, Shirley Blankenship, Edith Blankenship, and Blankenship Brothers Construction, whereby Melton agreed to become the developer of a subdivision known as the West Pointe Subdivision; (2) pursuant to that agreement, Melton was to be paid 50% of the net profits made from the sales of the development; (3) Melton participated in the acquisition of the tracts of land that comprised the West Pointe Subdivision, developed the property pursuant to the agreement, and sold the lots in that subdivision; (4) in an effort to avoid paying Melton his

50% of the net profits under the agreement, the Blankenship Defendants subsequently engaged in a series of fraudulent conveyances and transactions with each other and with other entities; and (5) the total net profit from the 1999 sales of the West Pointe development was $537,551.17, and Melton's 50% share was $268,775.58.

12. Therefore, the court recommends that Melton's motion be granted, that default judgment be entered against the Blankenship Defendants, and that the Blankenship Defendants be held jointly and severally liable to Melton in the amount of $268,775.58.

Respectfully Submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 28, 2009
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**